Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEREKET WOLDEGIORGIS,<br><br>Plaintiff,<br><br>v.<br><br>NYK SHIP MANAGEMENT,<br><br>Defendant. | Case No. 18-cv-07678-AGT<br><br>**ORDER RE: DISCOVERY DISPUTE**<br>Re: Dkt. No. 70 |

Defendant has refused to produce the addresses and phone numbers of the crew members who were aboard its vessel when plaintiff slipped and fell. This contact information may lead to the discovery of relevant information, and defendant's stated reason for withholding it—the need to protect the crew members' privacy rights—isn't compelling. Addresses and phone numbers are personal, but not on par with more sensitive information, such as medical and financial records. *See Belaire-W. Landscape, Inc. v. Superior Ct.*, 149 Cal. App. 4th 554, 561–62 (2007). Also, defendant isn't being asked to post the crew members' contact information on the public docket; all that is requested is that defendant provide this information to plaintiff so that he can conduct discovery.

Defendant's privacy argument is based on distinguishable caselaw. In *Planned Parenthood Golden Gate v. Superior Court*, 83 Cal. App. 4th 347, 359–63 (2000), there was concern that if percipient witnesses' contact information was disclosed during discovery, it would be used for harassment. That concern was triggered by the highly charged context of the litigation, between an abortion clinic and antiabortion protestors, and was also supported by the record. The same concern and supporting evidence isn't present here. As for the other two cases defendant relies on, *United States Department of Defense v. Federal Labor Relations Authority*, 510 U.S. 487 (1994), and *Navigator Publishing LLC v. United States Department of Transportation*, 146 F. Supp. 2d 68 (D. Me. 2001), the requests for contact information made there were directed to federal agencies, which

are subject to federal privacy statutes that aren't implicated in this maritime slip-and-fall negligence case.

In support of its privacy argument, defendant also suggests that two foreign privacy laws may protect its crew members. *See* Dkt. 70 at 4–5 (referencing the European Union's General Data Protection Regulation and the Philippines' Data Privacy Act of 2012). Defendant, however, hasn't cited to any particular provision of those laws, let alone demonstrated that they apply to the contact information in question.

To ensure that the crew members' contact information is used only in this litigation and isn't disclosed publicly, the parties must agree to a protective order, and they are encouraged to stipulate to this district's model protective order.[1] If they don't agree on the terms of the order, they should bring their dispute to the Court. After a protective order is entered, defendant must produce the names, addresses, and phone numbers of the persons who were crew members aboard its vessel, the M/V NYK THESEUS, at the time of plaintiff's accident.

**IT IS SO ORDERED.**

Dated: July 1, 2021

ALEX G. TSE
United States Magistrate Judge

---

[1] *See* https://www.cand.uscourts.gov/forms/model-protective-orders/.