UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEREKET WOLDEGIORGIS,<br><br>  Plaintiff,<br><br>  v.<br><br>NYK SHIP MANAGEMENT,<br><br>  Defendant. | Case No. 18-cv-07678-AGT<br><br>**ORDER DENYING MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 65 |

The record contains conflicting evidence on whether cargo vessels docked in the port of Oakland have a duty to provide adequate lighting to longshoremen who are lashing on their decks. Defendant cites to certain safety standards and regulations in arguing that there's no such duty. *See* Tamulski Decl., Ex. J (Pacific Coast Marine Safety Code); 29 C.F.R. § 1918.92 (OSHA safety regulations). Plaintiff, meanwhile, cites to testimony from several experienced longshoremen and from a port employee, who state that in ports on the West Coast the custom and practice is for cargo vessels to provide lighting for longshoremen. *See* Wilson Decl. ¶¶ 1–3, Dkt. 72; Semenero Decl. ¶¶ 1, 6–8, Dkt. 73; Henriquez Decl. ¶¶ 4–5, Dkt. 75; Diggs Decl. ¶¶ 1–4, Dkt. 76. Custom can give rise to a duty under the governing statute, the Longshore and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. § 905(b), as defendant acknowledges. *See* Mot., Dkt. 65-1 at 17 ("*Absent some agreement or custom to the contrary*, a vessel has no duty to provide adequate lighting for longshoremen.") (emphasis added); *see also Christensen v. Georgia-Pac. Corp.*, 279 F.3d 807, 812 (9th Cir. 2002) ("In some [LHWCA] cases, custom may be enough to establish a duty.").

The dispute over the scope of a vessel's duty is material to plaintiff's case. If defendant's vessel had a duty to provide plaintiff with adequate lighting when he requested it (and there is evidence that he requested lighting before slipping and falling off a ladder on the vessel, *see*

Woldegiorgis Decl. ¶¶ 5–8, Dkt. 78), then defendant may be liable to plaintiff for negligence. If there was no such duty, plaintiff likely cannot prevail.

The dispute is also one of fact, not law, as it is for the jury to consider the testimony, standards, and regulations at issue in evaluating whether the defendant breached a duty of care. *See Davis v. Partenreederei M.S. Normannia*, 657 F.2d 1048, 1053 (9th Cir. 1981) (explaining that an OSHA regulation indicating that stevedores, not shipowners, owed a duty to protect longshoremen from certain dangers was "one of the factors to be properly considered by the jury," but did "not require a directed verdict on behalf of the shipowner").

Because there is a genuine dispute as to a material fact, defendant's motion for summary judgment is denied. The May 19, 2021, case management order remains in place and will govern further proceedings.

**IT IS SO ORDERED.**

Dated: August 5, 2021

ALEX G. TSE
United States Magistrate Judge